[S.F. No. 21787.   In Bank.   Dec. 28, 1964.]

HAROLD W. McKINNEY, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

Harold W. McKinney, in pro. per., Sullivan, Sullivan & Sullivan and Warren Sullivan for Petitioner.

Garrett H. Elmore and Herbert M. Rosenthal for Respondent.

THE COURT.—This is a proceeding to review a recommendation of the Board of Governors of the State Bar of California that petitioner be disbarred from the practice of law.

■ *Questions*: First. *Does the evidence sustain the finding of culpability on the part of petitioner?*

*Yes.* ■ The burden is upon one seeking a review of a recommendation of the Board of Governors to show that its findings are not supported by the evidence or that its recommendation is erroneous or unlawful. (*Di Gaeta* v. *State Bar,* 59 Cal.2d 116, 117 [1] [28 Cal.Rptr. 305, 378 P.2d 577].)
■ In the present case, the record discloses that petitioner has not sustained this burden.

It appears from the record that petitioner was employed by James W. Penton in February 1959 to handle a personal injury claim. In February 1960, just before the statute of limitations would have run, petitioner prepared a complaint for Penton to sign and file in propria persona. At that time, disciplinary proceedings were pending against petitioner (Bar Misc. 2569), and the Board of Governors had recommended that he be suspended for six months.

In April 1960 petitioner filed an affidavit with this court, alleging that he had closed his law office on September 5, 1959, and had not practiced law since that time. No mention was made of his having drafted the Penton complaint. Thereafter, on May 4, 1960, an order was entered suspending petitioner for six months, the order being made retroactive to January 15, 1960.

In August 1960 petitioner received a draft for $1,650, payable to the order of Mr. Penton, his wife, and petitioner, in settlement of Mr. Penton's claim. Petitioner endorsed the

draft, signing the names of Mr. and Mrs. Penton in a manner purporting to simulate their signatures for purposes of deception.

Petitioner then fabricated a purported ''loan agreement'' giving him the right to use, on an interest bearing basis, most of the settlement proceeds belonging to Mr. Penton.

■ With respect to his action in endorsing the draft in the names of Mr. and Mrs. Penton, petitioner testified: ''I realized, after I got the draft, that while I had authority to sign his wife's name, that I couldn't possibly clear it with the bank with that authorization I had from Mr. Penton. So I simply tried to simulate their signatures as best I could. . . . I was concerned only with the bank, because I realized after [sic] this wouldn't pass the bank.''

It thus is evident that petitioner by his own admission intended to deceive the bank. Therefore, it is immaterial whether any harm was done, since a member of the State Bar should not under any circumstances attempt to deceive another person. (*Coviello* v. *State Bar*, 45 Cal.2d 57, 65 [7] [286 P.2d 357]; *Hallinan* v. *State Bar*, 33 Cal.2d 246, 249 [200 P.2d 787].)

Petitioner insists that the purported ''loan agreement'' was executed by Mr. Penton, but both the trial committee and the Board of Governors found that petitioner fabricated it.

■ The foregoing evidence amply supports the Board of Governors' finding of culpability on the part of petitioner.

■ Second. *Was the degree of discipline appropriate under the circumstances?*

*Yes.* The record discloses that petitioner was publicly reproved in March 1958 (S.F. 1794) and was subsequently suspended twice, for six months in 1960 (Bar Misc. 2569) and for three years (an 18-month ''actual'' suspension and 18 months additional under probationary conditions) in 1961 (Bar Misc. 2707).

■ Since it is difficult to pass upon the weight to be given the testimony of a witness when only the written record is before a reviewing body, it is proper to give great weight to the action of the local administrative committee which heard it, that body being in a better position than the Board of Governors or this court to pass upon the truthfulness of the testimony. (*Brawner* v. *State Bar*, 48 Cal.2d 814, 818 [2] [313 P.2d 1].)

■ It would appear from the evidence that petitioner over a long period of time failed to meet the high standards

demanded of members of the legal profession and that he had on previous occasions been disciplined for mishandling funds of a client. His conduct in the instant case was most reprehensible, and disbarment, as recommended by the Board of Governors, is an appropriate penalty. (*Egan* v. *State Bar,* 46 Cal.2d 370, 374 [4] [294 P.2d 949].)

It is therefore ordered that Harold W. McKinney be disbarred and that his name be stricken from the roll of attorneys of this state, the order to become effective 30 days after the filing of this opinion.

Petitioner's application for a rehearing was denied January 27, 1965.